**Marian K. ROLF and Joe L. Rolf, Appellants,**

v.

**James P. YOUNGBLOOD, M.D., and Drs. Knoch, Buckner, Youngblood & Bickley, Inc., Respondents.**

**No. WD 39374.**

Missouri Court of Appeals, Western District.

May 3, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 28, 1988.

Max W. Foust, James P. Frickleton, Morris & Foust, Kansas City, Robert L. Langdon, Bradley, Langdon & Bradley, for appellants.

Timothy S. Frets, John P. Poland, Baker & Sterchi, Kansas City, for respondent, James P. Youngblood, M.D.

Larry L. McMullen, Nancy E. Kenner, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, Patricia Jeanne Mach, Mission, Kan., for respondent, Drs. Knoch, Buckner, Youngblood & Bickley, Inc.

Before COVINGTON, SHANGLER and MANFORD, JJ.

COVINGTON, Judge.

Plaintiffs-appellants, Marian K. Rolf and Joe L. Rolf, filed this action against Dr. James Youngblood and the professional corporation in which he is a principal. The case arises out of the care and treatment of Marian Rolf by Dr. James Youngblood, an obstetrician/gynecologist, who treated Marian Rolf from October 26, 1982, until May 10, 1983, during her pregnancy with Lindsey Rolf. Lindsey Rolf was born May 10, 1983, afflicted with Down's Snydrome, a genetic disorder.

Mr. and Mrs. Rolf alleged that Dr. Youngblood was negligent in giving false and misleading prenatal advice to Mr. and Mrs. Rolf regarding genetic abnormalities. Mr. and Mrs. Rolf claimed that, but for the negligent conduct of Dr. Youngblood, Mrs. Rolf, at her age, would have undergone an amniocentesis test which would have disclosed the chromosome abnormality. Mr. and Mrs. Rolf further alleged that Lindsey Rolf would have been aborted if this fact had been known. Mr. and Mrs. Rolf also alleged that, as a direct result of Dr. Youngblood's negligence, they have incurred medical expenses and will continue to incur medical expenses in the future for the care, treatment, institutionalization and therapy of Lindsey Rolf.

On January 14, 1987, defendants jointly filed a motion for judgment on the pleadings. They contended that Mr. and Mrs. Rolf's petition was barred by Missouri Revised Statute § 188.130.2 which provides that: "No person shall maintain a cause of action or receive an award of damages based on the claim that but for the negligent conduct of another, a child would have been aborted." The statute became effective August 13, 1986. Relying upon the statute, the trial court entered judgment on the pleadings in favor of the defendants. The judgment of the trial court is affirmed for a different reason.

This is an action for wrongful birth, that is, an action "brought by one or both of the parents of a child born as the result of some form of negligence of the defendant. The damages generally alleged are for pain and suffering, emotional distress, loss of consortium, loss of wages, medical expenses and the cost of raising the child." *Wilson, et al., v. Kuenzi, et al.,* 751 S.W.2d 741, 743 (Mo. banc 1988).

In *Wilson v. Kuenzi,* the plaintiffs, parents of a child born with Down's Syndrome, alleged that the defendant doctor neither told them of the availability of amniocentesis test nor counseled them regarding the chances of their baby's being born with Down's Syndrome by reason of the plaintiff mother's age. The plaintiffs alleged that the mother was therefore denied the ability to make an informed decision to abort the pregnancy, which the mother alleged she would have done had she been advised of the fact that the fetus was afflicted with Down's Syndrome. The allegations of the plaintiffs therein nearly mirror the allegations of Mr. and Mrs. Rolf.

The Missouri Supreme Court addressed the question of whether Missouri would have recognized this cause of action in 1983, some three years prior to the adoption of § 188.130, RSMo 1986, which was held not to be retrospective in its application. The majority opinion, persuaded that "the real underlying problem in these cases stems from the fact that the courts have either closed their eyes to traditional tort causation, or have leaped over causation....," *Wilson v. Kuenzi,* at 744, refused to create and refused to recognize a cause of action for wrongful birth. The Missouri Supreme Court cited the dissenting in part and concurring in part opinion of Judge Wachtler in the case of *Becker v. Schwartz,* 46 N.Y.2d 401, 417–22, 413 N.Y. S. 895, 904–907, 386 N.E.2d 807, 816–19, (1978), which provided:

In sum, by holding the doctor responsible for the birth of a genetically handicapped child, and thus obligated to pay most, if not all, of the costs of lifetime care and support, the court has created a kind of medical paternity suit. It is a tort without precedent, and at variance with existing precedents both old and new. Indeed the members of the majority are divided among themselves as to what principle of law requires the doctor to pay damages in this case. The limits of this new liability cannot be predicated. But if it is to be limited at all it would appear that it can only be confined by drawing arbitrary and artificial boundaries which a majority of the court consider popular or desirable. This alone should be sufficient to indicate that these cases pose a problem which can only be properly resolved by a legislative body, and not by courts of law.

*Wilson v. Kuenzi,* at 745. Because Missouri does not recognize a cause of action for wrongful birth, the trial court's action is affirmed.

Mr. and Mrs. Rolf, in a second point, challenge the constitutionality of § 188.130.2, RSMo 1986. This court has no jurisdiction in a matter challenging the validity of a Missouri statute. Moreover, because no cause of action at common law for wrongful birth exists in Missouri, the constitutionality of the statute for abridgment of such a cause of action, even if properly preserved, is not reached.

All concur.